UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| CAROLINE A. CONRAD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-192 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| _____ | ) | |

       This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that the 30-year-old plaintiff was not entitled to supplemental security income (SSI) benefits. On June 25, 2001, plaintiff filed the SSI application giving rise to this appeal, claiming disability on the basis of affective disorders and anxiety related disorders. (A.R. 41-44). Plaintiff's claim was denied on initial review, and as a disability redesign prototype case, was not subject to administrative review at the reconsideration stage. (A.R. 28). On November 12, 2003, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel. (A.R. 289-325). On August 27, 2004, the ALJ issued a decision finding that the plaintiff was not disabled. (A.R.15-23). The Appeals Council denied review on February 1, 2005 (A.R. 5-6), and the ALJ's decision became the Commissioner's final decision. Plaintiff filed a timely complaint in this court seeking review of the Commissioner's decision denying her SSI claim. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States

Magistrate Judge conduct all further proceedings in this case, including entry of final judgment. (docket # 11).  Plaintiff argues, among other things, that the ALJ violated the treating physician rule because the ALJ's opinion failed to adequately explain the weight given to the opinions of plaintiff's treating psychologist. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004); *see also* 20 C.F.R. § 416.927(d)(2).  Upon review, the court finds that the ALJ's decision is fatally deficient in its lack of analysis of the opinions expressed by plaintiff's treating psychologist. The Commissioner's decision will be vacated and the matter remanded for further administrative proceedings.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . .  This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court

interference." *Buxton*, 246 F.3d at 772-73.   "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability.  The ALJ found that the medical evidence established that plaintiff had severe impairments of an "anxiety disorder and attention deficit hyperactivity disorder." (A.R. 18). The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments.  The ALJ determined that plaintiff's subjective complaints were not fully credible.  The ALJ found that plaintiff retained the residual functional capacity (RFC) for "simple, unskilled work."  (A.R. 20).  Plaintiff did not have any past relevant work.  Plaintiff was 30 years old as of the date of the ALJ's decision.  Thus, plaintiff was classified as a younger individual.  Plaintiff has more than a high school education.  The ALJ then

turned to the testimony of a vocational expert (VE).  In response to a hypothetical question regarding a person of plaintiff's age and with her RFC, education, and work experience, the VE testified that there were approximately 32,000 jobs within the State of Michigan that plaintiff was capable of performing.  (A.R. 320-22).  The ALJ held that this constituted a significant number of jobs and that plaintiff was not disabled.   (A.R. 15-23).

Plaintiff argues that the ALJ violated the treating physician rule because the ALJ's opinion failed to adequately address the opinions expressed by plaintiff's treating psychologist, Mark S. Kane, Ph.D.  The record is replete with Psychologist Kane's statements expressing his opinion that plaintiff is disabled.  The ALJ expressly rejected of Psychologist Kane's opinion on the ultimate issue of disability:

> Dr. Kane, a treating psychologist, opined that the claimant is legally disabled (Exhibit 11F).  The undersigned finds that opinion is not consistent with the evidence as a whole.  In addition, the opinion of disability is reserved to the Commissioner.  Therefore, the undersigned does not adopt Dr. Kane's opinion that the claimant is legally disabled but gives his records and reports appropriate weight and consideration.

(A.R. 20).  It is well-established that the ultimate issue of disability is reserved to the Commissioner.  20 C.F.R. § 416.927(e)(1)-(3).   The Commissioner is not bound by a treating physician's statement that a patient is disabled.  *See Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *see also Niemasz v. Commissioner*, 155 F. App'x 836, 839 (6th Cir. 2005).

Unfortunately, the above-quoted excerpt is the only "analysis" the ALJ attempted to make regarding Psychologist Kane's opinions.  The medical opinions and diagnosis of treating physicians are not entitled to great weight where they are conclusory, but are entitled to such weight where supported by detailed objective criteria and documentation.  *See Jones v. Commissioner*, 336 F.3d at 477; *Buxton v. Halter*,  246 F.3d at 773; *see also* 20 C.F.R. § 416.927(d)(2).  The ALJ's

-4-

opinion omits discussion of the objective evidence or lack of objective evidence supporting Kane's opinions. The ALJ simply ignored Kane's sworn statement (A.R. 179-210) rather than engaging in a careful analysis of whether the record as a whole supported the psychologist's claims that plaintiff was "markedly limited" in almost every area of mental functioning. Where, as here, "the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors -- namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source -- in determining what weight to give it." *Wilson v. Commissioner of Social Security*, 378 F.3d 541 (6th Cir. 2004). The ALJ's opinion is devoid of analysis of these factors.

In *Wilson*, the Sixth Circuit held that a social security disability benefits claimant has a procedural right to a statement by the ALJ of "good reasons" for the weight given a treating source's medical opinion. 378 F.3d at 546. Here, the ALJ failed to provide any reasons, much less a statement of "good reasons," why Kane's opinions with regard to plaintiff's functional limitations were accorded little, if any, weight. There appears to be record evidence (*e.g.*, plaintiff's daily activity levels, absence of an history of hospitalizations, medication type and dosage, and increasingly infrequent psychologist/patient interaction), from which an ALJ might find "good reasons" to discount Psychologist Kane's opinions. However, the Sixth Circuit's *Wilson* decision suggests that such determinations should ordinarily be made at the administrative level. *Id.*

**<u>Conclusion</u>**

For the reasons set forth herein, the Commissioner's decision will be vacated and the matter remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.


Dated:   March 17, 2006                    /s/  Joseph G. Scoville_____
                                           United States Magistrate Judge